UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NEAL WAYNE CAPLINGER,<br><br>           Petitioner,<br><br>v.<br><br>WARDEN WENGLER,<br><br>           Respondent. | Case No. 1:10-CV-00224-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal.[1] Also pending is Petitioner's Motion to Deny Respondent's Motion for Summary dismissal, which the Court construes as Petitioner's response to Respondent's Motion. The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will grant Respondent's Motion, and this case will be dismissed.

## BACKGROUND

Petitioner Neal Caplinger pled guilty in state court to one count of second degree

---

[1] Respondent's Motion for Extension of Time to File Answer or Pre-Answer Motion to Dismiss (Dkt. 9) is granted, and Respondent's Motion for Summary Dismissal is deemed timely.

**MEMORANDUM DECISION AND ORDER - 1**

kidnapping. The Idaho Court of Appeals recited the relevant facts as follows:

> Caplinger kidnapped J.C. and sexually assaulted her at his apartment before she was able to escape and notify police. Caplinger was charged with first degree kidnapping, I.C. §§ 18-4501, -02; rape, I.C. § 18-6101; penetration by foreign object, I.C. § 18-6608; and being a persistent violator, I.C. § 19-2514. Caplinger entered a binding guilty plea pursuant to I.C.R. 11 to an amended charge of second degree kidnapping, I.C. §§ 18-4501, -03, and the state dismissed the remaining charges. The district court sentenced Caplinger to a unified term of fifteen years, with a minimum period of confinement of five years. The district court also entered a separate order requiring Caplinger to have no contact with his victim for fifteen years.

(State's Lodging B-4, p. 1.)

On direct appeal, Caplinger claimed that the district court's order that he have no contact with the victim for fifteen years was invalid because the court did not issue the order as part of its oral pronouncement of sentence. (State's Lodging B-1, pp. 1-3.) The Idaho Court of Appeals rejected this argument after concluding that Idaho law did not require a district court to include a no contact order in the oral pronouncement of sentence because the order was "not a punishment for [Caplinger's] offenses, but a prophylactic measure to protect the victim." (*Id*. at 2-3.) Caplinger's Petition for Review in the Idaho Supreme Court was denied (State's Lodging B-7), and he did not pursue post-conviction relief.

Caplinger filed his Petition for Writ of Habeas Corpus in this Court on April 28, 2010, alleging that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated because (1) the trial court imposed the fifteen-year no contact order after pronouncing sentence, (2) Caplinger was not present when the order was imposed, and

**MEMORANDUM DECISION AND ORDER - 2**

(3) the trial court refused to allow him to withdraw his guilty plea after the court "breached" the binding plea agreement. (Petition, p. 2.)

United States Magistrate Judge Larry M. Boyle conducted an initial review of the Petition, as required by Rule 4 of the Rules Governing Section 2254 Cases, and ordered Respondent to file a response. (Dkt. 6.) Respondent has now done so by submitting the pending Motion for Summary Dismissal. (Dkt. 11.) In his Motion, Respondent claims that Caplinger has not fairly presented the same federal constitutional bases for his claims in the Idaho Supreme Court that he has raised in his Petition, and because the time to do so has now passed, the claims must be dismissed as procedurally defaulted. (Dkt. 11-1, pp. 5-10.) Caplinger has filed a response, and the matter was then reassigned to this District Judge based on the lack of the parties' consent to proceed before a Magistrate Judge. (Dkt. 14.)

The Court has reviewed the parties' written submissions and the record, and it is now prepared to issue its ruling.

## STANDARD OF LAW

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at

each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Boerckel*, 526 U.S. at 845.

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim, and general references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a

miscarriage of justice in his case, which means that he is actually innocent. *Coleman*, 501 U.S. at 750. To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to [his] actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

The single issue that Caplinger raised during his direct appeal was that the district court erred in failing to include the no contact order as part of its oral pronouncement of sentence. (State's Lodging B-1, p. 3.) The operative facts supporting that appellate claim correspond roughly with the allegations in support of Claims 1 and 2 here, but Respondent contends that Caplinger presented the issue in state court solely "as a state law claim, not a federal constitutional claim." (Dkt. 11-1, p. 8.) In other words, according to Respondent, because Caplinger did not frame the issue as a federal one, he did not fairly present the constitutional nature of the claim to the state courts. (*Id.*)

This Court agrees. The argument section of Caplinger's appellate briefing focuses entirely on state statutes, rules, and case law. (State's Lodging B-1, B-6.) Though it is true that Caplinger included a footnote that "[a]ppellant brings this claim under I.C.R. 43 as well as the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution"

(State's Lodging B-1, p. 4), this passing and oblique reference to three broad constitutional provisions, without argument or citation to case law, is simply insufficient to satisfy the requirement of fairly presenting a constitutional claim squarely to the state courts. *See*, *e.g.*, *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (a "naked reference to 'due process'" is insufficient). Moreover, Caplinger has never presented his third claim – that the no contact order was not included in the plea agreement and the district court erred in not permitting him to withdraw his guilty plea on that basis – to the Idaho Supreme Court in any manner. Because it is too late to return and present these federal claims in a procedurally proper manner, *see* Idaho Code § 19-4902, they are procedurally defaulted in this proceeding.

Caplinger counters that his appointed counsel was at fault for not raising constitutional issues in the state courts. (Dkt. 13, p. 5.) A criminal defendant generally bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Rather, only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state. *Id*. at 488-89. But even then, the ineffective assistance of counsel claim will serve as a "cause" excusing a procedural default only when the ineffective assistance claim is, itself, properly exhausted and free of procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). Here, Caplinger has

**MEMORANDUM DECISION AND ORDER - 6**

not properly exhausted a claim of ineffective assistance of counsel in the state courts, and his argument is therefore unavailing.

Caplinger also asserts that a miscarriage of justice will occur unless the Court reaches the merits of his claims, but a miscarriage of justice in this context means that the petitioner can show that he is actually innocent of the crime, a showing that must be made by "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). Caplinger has presented no such new evidence and cannot show that he is actually innocent of second degree kidnapping.

Even if the Court were to construe the footnote in Caplinger's appellate briefing as being sufficient to fairly present the first two constitutional claims to the state appellate courts during the direct appeal, it would nonetheless conclude that Caplinger is not entitled to relief on the merits. *See* Rule 4 of the Rules Governing Section 2254 Cases (authorizing a district court to summarily dismiss meritless claims).

At the sentencing hearing, the following exchange occurred between the district court and counsel regarding the issuance of the no contact order:

> The Court: Before you go any further, I assume it is not a violation of the Rule 11 for me to enter a no contact order for the duration of this sentence with the victim in this case?
>
> [Prosecuting Attorney]: It wouldn't be.
>
> [Defense Counsel]: *I would agree with that*.

**MEMORANDUM DECISION AND ORDER - 7**

The Court: If the State would prepare those documents for me.

[Prosecuting Attorney]: Okay.

The Court: Thank you.

(State's Lodging A-4, pp. 22-23.) (Emphasis added.)

It is clear from this exchange that the district court intended to issue a no contact order "for the duration of the sentence," which defense counsel agreed would not violate the plea agreement. The order was then served on Caplinger and filed on the same date as the sentencing hearing. (State's Lodging A-1, p. 42.) In light of these events, Caplinger cannot reasonably argue that he lacked fair notice or an opportunity to be heard at the appropriate time regarding the propriety of the order, its effect on the plea agreement, or the validity of sentencing.

More important, Caplinger has cited no case, and the Court is aware of none, establishing that a no contact order issued after criminal conviction is invalid as a matter of federal constitutional law if it was not expressly included as part of the district court's oral pronouncement of sentence. In the absence of clearly established federal law on that point, the Idaho Court of Appeals was free to interpret and apply Idaho law in reaching its conclusion that the order in this case was not part of the criminal sentence because it was "not a punishment for [Caplinger's] offenses, but a prophylactic measure to protect the victim." (State's Lodging B-1, p. 2.) Federal habeas corpus relief is "unavailable for alleged errors in the interpretation or application of state law." *Peltier v. Wright*, 15 F.3d

**MEMORANDUM DECISION AND ORDER - 8**

860, 861 (9th Cir.1994) (citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

For these reasons, Respondent's Motion will be granted, and this case will be dismissed.

## CERTIFICATE OF APPEALABILITY

As required by Rule 11 of the Rules Governing Section 2254 Cases, the Court now evaluates this case for suitability of a certificate of appealability ("COA"). *See also* 28 U.S.C. § 2253(c).

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court does not believe that reasonable jurists would debate its determination that the claims in the Petition are procedurally defaulted and, alternatively, that the first and second claims are clearly without merit. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals

**MEMORANDUM DECISION AND ORDER - 9**

pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File an Answer or Pre-Answer Motion to Dismiss (Dkt. 9) is GRANTED. Respondent's Motion for Summary Dismissal is deemed timely filed.

2. Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED.

3. Petitioner's Motion to Deny Respondent's Motion for Summary Dismissal (Dkt. 13) is DENIED, but the Court has considered Petitioner's arguments in response to Respondent's Motion for Summary Dismissal.

4. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **July 11, 2011**

Honorable Edward J. Lodge
U. S. District Judge